ARNOLD HAYWARD *vs.* REUBEN M. DRAPER & others.

In an action against several for deceit by fraudulently inducing the plaintiff to buy an interest in a patented machine, an averment in the declaration that the defendants conspired together to defraud the plaintiff need not be proved.

If, in an action for deceit by fraudulently inducing one to buy an interest in a patented machine, the plaintiff has introduced evidence of its worthlessness, and the defendant has exhibited a model for the purpose of showing its principle and operation, and introduced evidence that it would work well and continuously, the plaintiff may call experts in

reply to show that a machine constructed according to the model exhibited could not be successfully used after a few trials, although he denies that the model is in all respects correct.

TORT. The declaration alleged that the defendants conspired together for the purpose of cheating him, by inducing him to buy an interest in a " patent mill dresser." At the trial in the superior court, before *Putnam,* J., a verdict was returned for the defendants, and the plaintiff alleged exceptions. The material facts are stated in the opinion.

*G. S. Boutwell & J. Q. A. Griffin,* for the plaintiff.

*G. A. Somerby & W. P. Webster,* for the defendants.

HOAR, J. We are somewhat embarrassed in our consideration of the voluminous exceptions in this case, by the statement with which the bill of exceptions commences, that " the case was tried and submitted to the jury on the ground that it was incumbent on the plaintiff to prove affirmatively that there was a joint conspiracy between the parties to defraud the plaintiff in the manner set forth in the declaration, and that unless the plaintiff showed this joint conspiracy he could not recover, and such was the ruling of the court to the jury, and no exceptions were taken thereto." The action was an action of deceit; the gist of the action was not the conspiracy, but the damage done to the plaintiff by the defendants. *Parker* v. *Huntington,* 2 Gray, 124. As the whole trial proceeded upon an unfounded assumption and misapprehension of the law applicable to the issue, it is difficult to determine what rulings were appropriate or material under such circumstances. The whole was a mistrial; and the discussion at the bar seems to be whether it was a mistrial properly and regularly conducted.

But there is one ruling upon the admission of evidence which we think incorrect, and which could hardly fail to be material in any view of the case, because it related to the real value of the article sold to the plaintiff, the fraudulent sale of which was the subject of the alleged conspiracy. The injury done to the plaintiff by the deceit which he charged the defendants with conspiring to practise upon him was by inducing him to purchase an interest in a patented machine, alleged to be of little value.

The plaintiff introduced evidence of the worthlessness of the machine, and after he had closed his case the defendants exhibited what they said was a model of the machine, for the purpose of showing its principle and operation. The plaintiff denied that the model was a true representation of the machine sold to him, and upon this the evidence was conflicting. The defendants' witnesses testified that the machine would work well and continuously, illustrating their testimony by the model. The plaintiff then called an expert of large experience, and asked him to examine the model, which he did. The plaintiff then proposed the question to him, " Whether or not a machine made according to that model could be successfully used after a few trials? " This was excluded by the court, as not being rebutting testimony, because the plaintiff had put in testimony in chief as to the working of the machine.

We are of opinion that this was too close a restriction of the plaintiff's right. He did not, indeed, admit the accuracy of the model, and if the jury did not find it to be a correct representation, they should disregard it. But it was before the jury, submitted for their consideration, and was a species of evidence likely to make an impression upon their minds. The plaintiff had no opportunity to meet this particular piece of evidence until the defendants produced it. He denied its accuracy, contended that it was too favorable a representation of the actual machine; but he wished to show by competent evidence that even this was not fitted for work. He wished the jury to understand the difference between a model and a working machine; that one might work, and be made to work before their eyes, when the other would not. And we are all of opinion that he should have been permitted to do so. It was not new evidence to support the issue in chief, because he denied the correctness of the model; but it was evidence offered and competent for the single purpose of impairing the effect of a piece of testimony introduced by the defendants. *Exceptions sustained.*